JUDGE DAVID GUADERRAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

FILED

2020 OCT 21  PM 1:49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ ᶆ
          DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **S E A L E D** |
| | § | |
| Plaintiff, | § | **CRIMINAL NO. EP-20-CR-** |
| | § | |
| | § | **I N D I C T M E N T** |
| v. | § | |
| | § | **CT 1:** 18 U.S.C. §§ 371, 554 – Conspiracy to |
| **HERBERT SERRANO (1),** | § | Smuggle Goods from the United States; |
| **a.k.a. "El Pollo"** | § | |
|  | § | **CT 2:** 18 U.S.C. §§ 922(a)(6), 924(a)(2), 2 – |
| | § | False Statement During a Firearm Acquisition |
| | § | and Aiding Abetting the Same; |
| | § | |
| **Defendants.** | § | **CT 3:** 18 U.S.C. §§ 922(a)(6), 924(a)(2) – |
| | § | False Statement During a Firearm |
| | § | Acquisition; |
| | § | |
| | § | **CT 4:** 18 U.S.C. §§ 922(g)(3), 924(a)(2) – |
| | § | User in Possession of Firearm; |
| | § | |
| | § | **CT 5:** 18 U.S.C. §§ 922(g)(3), 924(a)(2) – |
| | § | User in Possession of Firearm; |
| | § | |
| | § | **CT 6:** 18 U.S.C. § 554 – Smuggling Goods |
| | § | from the United States. |
| | § | |
| | § | *Notice of Government's Demand for* |
| | § | *Forfeiture* |

THE GRAND JURY CHARGES:

# EP20CR2253

## COUNT ONE
### (18 U.S.C. §§ 371, 554)

## INTRODUCTION

**At all times relevant to this Indictment:**

1. Prior to March 2, 2020, the U.S. Munitions List (USML), located at Title 22, Code of Federal Regulations, Section 121.1., details articles, services, and related technical data designated as defense articles or defense services pursuant to sections 38 and 47(7) of the Arms Export and Control Act.

2. Firearms are designated as defense articled described in Categories I and II of the USML.

3. Ammunition is designated as defense articles described in Category III (a) of the USML.

4. According to Title 22, United States Code, Section 2778, no firearms or ammunition may be exported out of or imported into the United States without a license for such export or import.

5. Exportation of firearms and ammunition to Mexico required a license.

6. Effective March 2, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

7. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

8. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

9. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

10. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

11. Exportation of firearms and ammunition to Mexico requires a license.

12. Defendants **HERBERT SERRANO (1),** ▮▮▮▮▮▮▮ ▮ ▮ ▮▮ ▮▮▮▮ ▮ did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

That beginning on or about February 27, 2020 and continuing until on or about March 30, 2020, in the Western District of Texas, Defendants,

**HERBERT SERRANO (1),**



and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the grand jury to commit the following offenses against the United States, that is, to knowingly and unlawfully conceal, buy, or facilitate

2

the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to wit: firearms, which are or were controlled items as defined in the USML and CCL, and the Defendants had not received a license or authorization for such export, in violation of Title 18, United States Code, Sections 371 and 554.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objective of the conspiracy, the Defendants and their co-conspirators committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

1. On a date prior to March 26, 2020, Defendant ███████████, ██ introduced Defendant ██████████ ██ to Defendant **HERBERT SERRANO (1)** for the purpose of straw purchasing firearms;

2. On March 2, 2020, Defendant ███████████ purchased a Taurus Model G2C, 9-millimeter pistol and a Ruger Security-9, 9 millimeter pistol;

3. On March 26, 2020, Defendant ███████████ purchased a Beretta model 92D, 9-millimeter pistol, a Taurus model PT111 G2A, 9-millimeter pistol, and a Smith & Wesson model SD 9 VE, 9-millimeter pistol;

4. Defendant **HERBERT SERRANO (1)** paid Defendant ███████████ to purchase firearms for him.

## COUNT TWO
### (18 U.S.C. §§ 922(a)(6), 924(a)(2), 2)

That on or about March 26, 2020, in the Western District of Texas, as to the Defendants

**HERBERT SERRANO (1),** ██
████████████

3

in connection with the acquisition of a firearm, to wit: a Berreta Model 92D, 9-millimeter handgun from A.S.O., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant **HERBERT SERRANO (1)** did knowingly aid, abet, and counsel Defendant ███████████████ ██ to knowingly make a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearms to Defendant ███████████████ ██ under Chapter 44 of Title 18, in that Defendant ███████████████ ██ stated and represented on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 the answer "yes" in response to question 11.a, which asks "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant ███████████████ ██ knew he was purchasing the firearms for Defendant **HERBERT SERRANO (1)**, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

### COUNT THREE
### (18 U.S.C. §§ 922(a)(6) & 924(a)(2))

That on or about March 2, 2020, within the Western District of Texas, the Defendant,

███████████████

in connection with acquisition of (i) a Taurus G2C, 9 millimeter pistol, and (ii) a Ruger Security 9, 9 millimeter pistol, from A.S.O., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearms in that Defendant, ███████████████, stated and represented on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 the answer "yes" in response to question 11.a, which asks "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the Defendant knew he was in fact purchasing the firearms for someone else, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### COUNT FOUR
### (18 U.S.C. §§ 922(g)(3) & 924(a)(2))

That on or about March 26, in the Western District of Texas, the Defendant,

knowing he was an unlawful user of or addicted to a controlled substance, knowingly possessed

firearms, to wit, a Beretta model 92D, 9-millimeter pistol, said firearms having been shipped and

transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(3)

and 924(a)(2).

### COUNT FIVE
### (18 U.S.C. §§ 922(g)(3) & 924(a)(2))

That on or about March 2, 2020, in the Western District of Texas, the Defendant,

knowing he was an unlawful user of or addicted to a controlled substance, knowingly possessed

firearms, to wit, a Taurus model G2C, 9-millimeter pistol and a Ruger model Security-9, 9-

millimeter pistol, said firearms having been shipped and transported in interstate commerce, in

violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

### COUNT SIX
### (18 U.S.C. § 554)

That beginning on or about February 27, 2020 and continuing until on or about March 30,

2020, in the Western District of Texas, the Defendants

### HERBERT SERRANO (1),



did knowingly and unlawfully attempt to export from the United States any merchandise, article,

and object, contrary to any law and regulation of the United States, to-wit: a Ruger Security-9 9

millimeter handgun and a Beretta model 92D, 9 millimeter pistol, in violation of Title 50, United

5

States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and

736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

### I.
### Smuggling Goods from the United States Violations and Forfeiture Statutes
### [Title 18 U.S.C. §§ 371, 554, subject to forfeiture pursuant to Title 18 U.S.C § 981 (a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One and Six, the United

States of America gives notice to Defendants **HERBERT SERRANO (1),** ███████████

██████ ██ ████████████ █ of its intent to seek the forfeiture of the properties

described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. §

981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28

U.S.C. § 2461(c), which state:

### Title 18 U.S.C. § 981. Civil Forfeiture

(a)(1) The following property is subject to forfeiture to the United States:

* * *

(C)  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Smuggling Goods from the United States in violation of 18 U.S.C. § 554 is a "specified unlawful activity" as defined in section 1956(c)(7) of this title.

### Title 19 U.S.C. § 1595a.  Forfeiture and other penalties

* * *

### (d) Merchandise exported contrary to law
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase,

transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

## II.
## Firearms Violations and Forfeiture Statutes
**[Title 18 U.S.C. §§ 922(a)(6), (g)(3), and 924(a)(2)), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Two through Five, the

United States of America gives notice to Defendants **HERBERT SERRANO (1),** ▮▮▮▮▮▮▮

▮▮▮▮▮ ▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮ of its intent to seek the forfeiture of the properties

described below upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1),

made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent

part, the following:

### Title 18 U.S.C. § 924.

**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of . . . section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described

in Paragraph III.

## III.
## Money Judgment

**Money Judgment**: A sum of money which represents the value of the properties involved in the violations charged in Counts One through Six of the Indictment in which each of the Defendants is solely liable as listed below:

1. **HERBERT SERRANO (1)**: Money Judgment in the amount of Six Hundred Forty Nine dollars and forty-nine cents ($649.49).

2. ▮▮▮▮▮▮▮▮▮▮ Money Judgment in the amount of Six Hundred Forty Nine dollars and forty-seven cents ($649.47).

3. ▮▮▮▮▮▮▮ Money Judgment in the amount of Six Hundred Forty Nine dollars and forty-seven cents ($649.47).

## IV.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set

forth above, as a result of any act or omission of the Defendants:

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third party;
c.   has been placed beyond the jurisdiction of the court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be divided without
     difficulty;

the United States intends to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated

by Title 28 U.S.C. § 2461(c), of any other property of said Defendants (substitute assets) up to the

value of the forfeitable property.

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

GREGG N. SOFER
UNITED STATES ATTORNEY

BY: _____
     Assistant United States Attorney

8